BC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

1:26-cv-11159
Judge Manish S. Shah
Magistrate Judge Laura K. McNally
RANDOM Cat 3

COURTNEY C. RANDLE,

Plaintiff,

v.

EVANSTON TOWNSHIP HIGH SCHOOL DISTRICT NO. 202,

Defendant.

Case No. ____________________

Judge ______________________

COMPLAINT FOR COPYRIGHT INFRINGEMENT

JURY TRIAL DEMANDED

RECEIVED
EMS
9/11/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff Courtney C. Randle, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising from the alleged unauthorized dissemination and use of Plaintiff's private, password-protected screener of the motion picture A Mind of Its Own.

2. Plaintiff is the author and copyright claimant of A Mind of Its Own. The United States Copyright Office registered the work under Registration No. PA 2-480-618, with an effective registration date of May 17, 2024. The registration identifies Plaintiff as the author of the entire motion picture and states that the work was not made for hire.

3. Plaintiff alleges that, after she began providing limited access to the private screener in 2024 and continuing thereafter through an end date presently unknown, persons associated with Defendant transmitted the restricted screener credentials beyond the scope of the authorization Plaintiff granted.

4. Plaintiff expressly instructed intended recipients that the private screener link and password were not to be shared. Plaintiff alleges that the full dissemination chain remains unknown

because relevant communications and electronically stored information are substantially within Defendant's possession, custody, or control.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

6. Plaintiff brings this action under, inter alia, 17 U.S.C. §§ 106 and 501.

7. Venue is alleged to be proper in this District because Defendant is located in this District and a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

8. Plaintiff Courtney C. Randle is the author and copyright claimant of the motion picture A Mind of Its Own.

9. Defendant Evanston Township High School District No. 202 is an Illinois public school district located in Evanston, Illinois.

## IV. STATEMENT OF FACTS

10. A Mind of Its Own was completed in 2023 and first published in the United States on May 5, 2023.

11. The United States Copyright Office registration for A Mind of Its Own became effective on May 17, 2024. Plaintiff's employment with Defendant commenced on June 4, 2024 and ended on June 9, 2025. Accordingly, Plaintiff's copyright registration became effective before her employment with Defendant commenced.

Following its festival exhibition history, A Mind of Its Own obtained commercial streaming distribution. As of the filing of this action, Plaintiff alleges that the motion picture is available for streaming on AMC+ as part of Future of Film: Chicago XL.

The film's subsequent commercial distribution demonstrates the commercial nature of Plaintiff's copyrighted work. At the time Plaintiff provided the private screener to selected District personnel, however, the work remained on the festival circuit, and Plaintiff expressly informed recipients that sharing the private link or password could jeopardize future festival screenings.

12. On or around September 1, 2024 and thereafter, Plaintiff sent private screener communications concerning A Mind of Its Own to selected persons associated with Defendant.

13. On September 30, 2024, Plaintiff sent a password-protected screener of A Mind of Its Own for the limited purpose of permitting selected recipients to watch the approximately twelve-minute film and provide feedback to help Plaintiff prepare for an upcoming film-festival question-and-answer session.

14. In that September 30 communication, Plaintiff expressly instructed recipients not to share the screener link or password because Plaintiff remained on the film-festival circuit and unauthorized sharing could jeopardize future screenings.

15. Plaintiff's authorization did not include permission for recipients to redistribute the private screener credentials to additional persons.

16. Vimeo analytics for *A Mind of Its Own* reflect 41 views by 31 unique viewers, with an average of approximately 76% of the film viewed. Vimeo separately recorded zero downloads through Vimeo's download functionality. The presently available aggregate report does not itself identify the date range associated with these metrics.

17. Shortly after Plaintiff's employment, Plaintiff became concerned that the restricted screener credentials had been disseminated beyond the persons to whom she had personally granted access.

18. Plaintiff's account records reflect screener activity during periods after her initial limited distribution, including activity extending through approximately November 2024, December 2024, January 2025, and March 2025. Plaintiff alleges that during such periods she was not

distributing the original restricted link to new festival viewers or otherwise authorizing new recipients through that link. Plaintiff will rely on the underlying date-specific platform records for the precise dates and activity reflected.

19. Plaintiff possesses documentary evidence of multiple subsequent transmissions of the restricted screener credentials. On October 1, 2024, ETHS employee Megan Pike forwarded Plaintiff's September 30, 2024 screener email from her District account to her personal Gmail account. The forwarded communication contained Plaintiff's express instruction that recipients not share the screener link or password, as well as the restricted Vimeo link and password themselves. Plaintiff did not authorize recipients to transfer the restricted screener credentials to personal email accounts.

Plaintiff also possesses documentary evidence of a separate subsequent transmission. On March 11, 2025, ETHS employee Baccet Levy forwarded Plaintiff's September 30, 2024 screener email to ETHS employee Mia Lavizzo. That forwarded communication likewise included Plaintiff's restricted Vimeo link and password together with Plaintiff's written instruction that recipients not share the link or password.

20. Plaintiff alleges that she did not authorize Levy to redistribute the private screener credentials to Lavizzo.

21. Plaintiff possesses contemporaneous text-message communications from District employee Tamie Holmes indicating that Holmes viewed the film after Plaintiff provided access to the private screener. Plaintiff also located a contemporaneous text-message exchange indicating that District employee Panagoula "Youla" Bekiaris viewed the film shortly after Plaintiff emailed the screener to her. Plaintiff will rely on the actual messages for their precise wording. These communications corroborate that Holmes and Bekiaris were actual recipients or viewers.

## V. PLAINTIFF'S EFFORTS TO IDENTIFY THE DISSEMINATION CHAIN

22. On June 4, 2026, Plaintiff submitted a Freedom of Information Act request to Defendant seeking the original screener communication and any and all subsequent email correspondence, forwarded messages, reply threads, transmission logs, CCs, BCCs, and communication strings reflecting subsequent distribution of the original email, its text, or its confidential links.

23. On June 18, 2026, District FOIA Officer Michael Jacobson responded that records responsive to Plaintiff's request were enclosed and separately identified certain material that had been withheld or redacted.

24. On June 25, 2026, Plaintiff notified Jacobson in writing that she disputed the completeness of the production and stated that not all responsive emails she had transmitted to teachers during her employment had been provided.

25. On July 13, 2026, Plaintiff submitted a second request and expressly identified eight targeted District employees: LeTay Jervis, Tamie Holmes, Michelle Lyle-Berry, Samoane Jones, Deshana Newman, Jamilah Dorsey, Dawn Eddy, and Angela Malone.

26. Plaintiff specifically requested correspondence sent to, received by, or forwarded by those individuals concerning the specified screener communication and requested the subsequent threads beginning with the email Plaintiff sent to them.

27. On July 27, 2026, Jacobson denied the request as vague and unduly burdensome. The response stated, among other things, that the request contained broad language covering an "unspecified number of individuals" and asked Plaintiff to clarify which specific individuals she meant, although Plaintiff's request had separately identified eight employees by name.

28. Plaintiff acknowledges that another portion of the July request referred more broadly to relevant administrative, board, and staff accounts, which Defendant characterized as overbroad.

29. On September 3, 2026, Plaintiff responded to Jacobson's invitation to clarify and expressly directed Defendant back to the individuals named in Section 1 of her request. Plaintiff clarified

that she wanted the emails she had sent those individuals and records showing to whom those communications were subsequently forwarded.

30. Plaintiff also informed Defendant that the requested records concerned potential unauthorized dissemination of her copyrighted work and contemplated copyright litigation.

31. On September 10, 2026, after locating the contemporaneous text-message exchange concerning Bekiaris's viewing of the film, Plaintiff identified Panagoula "Youla" Bekiaris as an additional person whose corresponding screener records had not been included in the production and requested records concerning any subsequent transmission associated with Bekiaris.

32. On September 9, 2026, Plaintiff separately notified Collective Liability Insurance Cooperative  Area Senior Executive Vice President, Michael McHugh, that she believed District personnel had willfully shared her copyrighted work. In the same communication, Plaintiff expressly acknowledged that not all intended recipients had shared the work and stated that many recipients had respected her restriction. Plaintiff asked that the District fulfill her FOIA requests in good faith, including identifying who had shared her work.

33. Later on September 9, 2026, Plaintiff notified McHugh and Jacobson that the requested FOIA records had not been produced and that she intended to seek the dissemination records through legal process in connection with a contemplated copyright claim.

34. On September 10, 2026, Plaintiff informed McHugh that she had extended an offer of mediation to District 202 through the Illinois Department of Human Rights and that, if the dispute could not be resolved through mediation, she intended to proceed with filing. Plaintiff includes this allegation only as part of the pre-suit chronology and not as an element of copyright infringement.

35. Plaintiff can identify additional intended recipients whose relevant records were not included in Defendant's initial production, including Tamie Holmes, Jamilah Dorsey, Samoane Jones, LeTay Jervis, and Panagoula "Youla" Bekiaris. Holmes, Dorsey, Jones, and Jervis were among

the employees expressly identified in Plaintiff's July 13, 2026 request. Bekiaris was subsequently identified on September 10, 2026 after Plaintiff located the contemporaneous text-message exchange described above.

36. Defendant's productions and responses have not provided records sufficient to establish what became of the screener communications associated with these specifically identified recipients or whether those communications were subsequently transmitted to additional recipients. Plaintiff seeks the underlying communications and transmission records necessary to determine the actual dissemination chain.

## VI. COUNT I — COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

37. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

38. Plaintiff owns a valid copyright in A Mind of Its Own and obtained federal registration before the alleged infringement period.

39. Plaintiff granted selected recipients limited access to a private, password-protected screener and expressly instructed them not to share the screener link or password.

40. Plaintiff alleges that one or more presently known or unidentified persons exceeded the scope of Plaintiff's authorization and directly infringed one or more of Plaintiff's exclusive rights under 17 U.S.C. § 106. Plaintiff further alleges that the unauthorized dissemination and use of the restricted screener, including transmission of its access credentials beyond the scope of Plaintiff's express authorization, resulted in unauthorized access to and exploitation of Plaintiff's copyrighted work. The full extent of the dissemination, the identities of all downstream recipients, and the manner in which those recipients accessed, copied, reproduced, downloaded, recorded, stored, transmitted, displayed, performed, or otherwise used or disseminated the work are presently unknown to Plaintiff and will be established through discovery.

41. Plaintiff presently possesses documentary evidence of multiple onward transmissions of the restricted screener credentials, including a transmission to a personal email account, as well as evidence of screener activity during periods in which Plaintiff was not authorizing new recipients through the original link. The presently available evidence does not reveal the complete dissemination chain or the identities and conduct of all persons who obtained access to the work.

42. Despite Plaintiff's efforts to obtain records sufficient to reconstruct the dissemination chain, Defendant has not produced a complete transmission and access history. Plaintiff therefore cannot presently determine the full extent to which District personnel, administrators, employees, agents, or other recipients participated in the dissemination or subsequent use of Plaintiff's copyrighted work, or the identity and conduct of all persons involved. Those matters are appropriately addressed through discovery.

43. Plaintiff further alleges that at least some persons involved in the relevant dissemination had actual written notice of Plaintiff's restriction because the restriction accompanied the screener credentials. In addition, the film itself displays the copyright notice "A MIND OF ITS OWN ©2024" at the conclusion of the work. Plaintiff alleges knowing and willful infringement to the extent the evidence establishes that a responsible actor had the requisite knowledge and nevertheless engaged in actionable infringement.

44. Plaintiff has suffered damages and other injury as a result of the infringement alleged herein, including loss of control over the dissemination and use of her copyrighted work and resulting harm to the value of the exclusive rights she holds in the work. Plaintiff seeks the remedies authorized by the Copyright Act.

## VII. DISCOVERY NECESSARY TO DETERMINE FULL SCOPE

45. Plaintiff anticipates seeking discovery concerning relevant electronically stored information, including emails, forwarded messages, reply chains, custodial mailboxes, attachments, metadata,

transmission records, and other communications concerning A Mind of Its Own and the private screener credentials.

46. Discovery is expected to identify all persons to whom the restricted screener credentials were transmitted, including persons not presently known to Plaintiff; the transmission history associated with known and subsequently identified recipients, including but not limited to Holmes, Dorsey, Jones, Jervis, and Bekiaris; and evidence concerning any subsequent access, use, reproduction, copying, downloading, recording, transmission, distribution, storage, display, performance, or other dissemination of Plaintiff's copyrighted work, regardless of the technological means employed.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award relief authorized by law, including:

A. An award of Plaintiff's actual damages and any profits attributable to infringement, or statutory damages if elected and legally available, pursuant to 17 U.S.C. § 504;

B. Enhanced statutory damages for willful infringement to the extent proven and legally available;

C. Appropriate injunctive relief pursuant to 17 U.S.C. § 502;

D. Costs and attorney's fees to the extent authorized by 17 U.S.C. § 505 and otherwise recoverable;

E. Prejudgment and post-judgment interest to the extent permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Courtney C. Randle

Courtney C. Randle

Plaintiff, Pro Se

Address:

1408 Westside Trail

Zion, IL 60099

Email: hellocourtneyrandle@gmail.com

Telephone: 224-730-1481

Date: September 11, 2026